IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

LAURA EATON                                                                             PLAINTIFF

V.                                           3:10CV00075 JTR

MICHAEL J. ASTRUE,                                                                      DEFENDANT
Commissioner, Social
Security Administration

# ORDER

Plaintiff has filed a Motion for an Award of Attorney's Fees and Other Expenses pursuant to the Equal Access to Justice Act (EAJA) (docket entry #21). The Commissioner has not responded.

Under the EAJA, a prevailing social security claimant is entitled to an award of reasonable attorney's fees and expenses unless the Commissioner's position in denying benefits was "substantially justified" or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A claimant who wins a sentence-four remand order and judgment, as Plaintiff did in this case (docket entries #19, #20), is a prevailing party entitled to EAJA fees. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

Pursuant to an agreement between Plaintiff's counsel and the Office of General Counsel of the Social Security Administration, Plaintiff seeks an EAJA award for 16.4

hours of work done by her attorneys during 2010 at an adjusted hourly rate of $175.00 (docket entry #22-1, at 1-2, 11-13).  Furthermore, she seeks payment for 4.8 hours of work done by paralegal assistants at an hourly rate of $75.00, plus expenses in the amount of $16.62, for a total award of $3246.62 (*id.* at 8-9, 11-13).

The Court finds that Plaintiff is entitled to an award of fees and expenses under the EAJA, and that the amount requested is reasonable.

In *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), the Supreme Court held that any EAJA award should be made payable to the litigant – not his attorney – and further held that the award is subject to offset for any debt owed to the government by the litigant.  Plaintiff's motion states that she assigned her rights to any EAJA award to her attorney pursuant to a contract signed on November 20, 2007 (docket entry #21-1).  She, therefore, asks that, in the event she owes no federal debt, any EAJA award should be payable to and mailed directly to her counsel but that, if she does owe a federal debt, the balance of any EAJA fees after the federal debt is recouped should be payable to Plaintiff but mailed in care of her attorney.  This is consistent with the procedure suggested by the Commissioner and approved by this Court in other cases. *See Rodgers v. Astrue*, No. 4:09cv000694, at docket entry #27 (E.D. Ark. Dec. 22, 2010).

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for an Award of Attorney's Fees and Other Expenses under the EAJA (docket entry #21) is

GRANTED.

IT IS FURTHER ORDERED THAT Plaintiff is awarded $3,246.62 in attorney's fees and expenses under the EAJA.

DATED this 17th day of May, 2011.

_____
UNITED STATES MAGISTRATE JUDGE